IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–CR–30233–MJR |
| | ) |
| GILARDI C. BURNS, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR BOND

**REAGAN, Chief Judge:**

On October 23, 2013, Gilardi Burns ("Defendant") was indicted on one count of being a felon in possession of a firearm, thereby violating 18 U.S.C. § 922(g)(1). He was arraigned in November 2013 by Magistrate Judge Donald G. Wilkerson, who let Defendant out on an unsecured, $20,000 appearance bond. The Government moved to revoke Defendant's bond in July 2014.

Pre-Trial supervision generated four noncompliance reports during Defendant's release on bond. (Doc. 56-1, Doc. 56-2, Doc. 56-3, Doc. 56-4). Those reports indicated that Defendant tested positive for cocaine in his system three times (he admitting to using cocaine twice), then recanted his admissions and changed his story: instead of using cocaine in March through May of 2014, Defendant (according to the violation reports) maintains cocaine must have entered his system because he was "cutting" (i.e., preparing for distribution) cocaine in an effort to raise funds for his legal defense in this case.

On August 19, 2014, Defendant's bond was revoked by Magistrate Judge Stephen C. Williams (Doc. 43), who (after a hearing where Defendant proceeded by way of proffer) found there was probable cause to believe Defendant committed another federal, state, or local offense in that he possessed (with intent to distribute) cocaine, and found further that Defendant was unlikely to abide by any potential condition of release. On December 19, 2014, Defendant moved for release on bond (Doc. 52) is now before the Court. (Defendant has entered a guilty plea and is set to be sentenced on January 30, 2015).

Defendant asserts that the combination of time already served awaiting sentencing (six months or so; he could be exposed to 24–30 months imprisonment, according to the motion), plus the fact he was earning "a substantial wage" before incarceration, has caused a significant hardship on his family, and he is therefore "not a risk to flee" nor a "danger to the safety of any other person or the community."

Judge Williams ordered Defendant detained before Defendant entered a guilty plea. At that time, the Government had (and, as mentioned, carried) its burden to prove—by clear and convincing evidence—that Defendant was a danger to any other person or the community. **18 U.S.C. § 3142(e); (f).** Now that Defendant has pled guilty, the presumption and the burden switch: Defendant must demonstrate by clear and convincing evidence he is not a danger to others or the community. **18 U.S.C. § 3143(a)(1).**

Parroting the statutory language controlling a defendant's detention is an unconvincing tactic for earning Defendant a second bite at the apple.  Defendant does *not* challenge Magistrate Judge Williams' finding that Defendant probably committed another federal crime.  Nor does Defendant challenge any factual or legal basis for (or indeed provide one whit of statutory or precedential support cutting against) his instant detention.  What remains, therefore, are unchallenged factual findings that Defendant violated his bond by helping distribute cocaine, *and* a plea in which he admits to possessing two shotguns (which he further admits to having hid in his basement once he discovered police were on their way to investigate an alleged domestic violence incident).

The Court has weighed the factors required by 18 U.S.C. § 3142 and § 3143, and finds the instant motion falls far short of earning Defendant a second chance at bond.  *See* **18 U.S.C. § 3142(g) (among the factors to be considered: whether the offense involved a firearm, the weight of evidence against Defendant; and Defendant's past conduct).**  Due to Defendant's admitted continued association with illegal drugs—post-indictment, arrest, and bond—the Court cannot conclude by clear and convincing evidence that Defendant is not a danger to the community.  Pre-sentence detention is plainly appropriate for Mr. Burns.  Defendant's Motion for Bond (Doc. 52) is **DENIED**.

    IT IS SO ORDERED.
    DATE: <u>January 5, 2015</u>              <u>s/ *Michael J. Reagan*</u>
                                                  MICHAEL J. REAGAN
                                                  Chief Judge
                                                  UNITED STATES DISTRICT COURT